UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KELVIN C. THOMPSON, )
)
    Plaintiff, )
)
v. ) No. 4:19-CV-2309-JAR
)
COOL VALLEY POLICE )
DEPARTMENT, )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Kelvin C. Thompson[1] for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint.

### **Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it

---

[1] This case is one of thirteen cases that plaintiff has filed in this Court since July 11, 2019: *Thompson v. SS Admin. Office*, No. 4:19-CV-1922-SNLJ (filed Jul. 11, 2019); *Thompson v. Soc. Sec. Admin.*, No. 4:19-CV-2110-CDP (filed Jul. 19, 2019); *Thompson v. Soc. Sec. Admin.*, 4:19-CV-2115-CDP (filed Jul. 22, 2019); *Thompson v. FBI*, 4:19-CV-2134-SNLJ (filed Jul. 23, 2019); *Thompson v. Creve Coeur Police Dep't*, No. 4:19-CV-2138-SNLJ (filed Jul. 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2139-SRC (filed Jul. 24, 2019); *Thompson v. Eckles*, No. 4:19-CV-2145-AGF (filed Jul. 25, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-CV-2300-CDP (filed Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-CV-2301-CAS (filed Aug. 5, 2019); *Thompson v. Normandy Police Dep't*, 4:19-CV-2307-SPM (filed Aug. 6, 2019); *Thompson v. Ferguson Police Dep't*, No. 4:19-CV-2308-SNLJ (filed Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-CV-2312-HEA (filed Aug. 7, 2019).

does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 328. While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

### The Complaint[2]

Plaintiff brings this action against the Cool Valley Police Department. He invokes this Court's federal question jurisdiction, and states he brings his case pursuant to Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act, 18 U.S.C. §§ 241-242, 245, Title VII of the Civil Rights Act, The Civil Rights Act of 1866 (§ 1981), and 34 U.S.C. § 12601.

In the complaint and in a supplement to the complaint, plaintiff alleges that ever since he filed lawsuits against local police departments and FBI agents, those defendants have enlisted the help of the Cool Valley Police Department and other municipal police departments to surveil and harass him. He alleges that uniformed and undercover officers follow him "24/7" and waste "millions of dollars a day in government resources to follow me to Walmart just to see me buy a loaf of bread or to Taco Bell just to see me do a #1 or #2. Literally looking under stalls." Plaintiff estimates that if this continues, $1.2 billion in taxpayer money could be wasted, and he

---

[2] In the complaint and in a supplement to the complaint, plaintiff sets forth allegations that are nearly identical to those in a complaint he filed against the Ferguson Police Department. *See Thompson v. Ferguson Police Department,* No. 4:19-CV-2308 NAB (filed Aug. 6, 2019).

alleges that this wrongdoing is why hundreds of thousands of crimes are unsolved. Specifically, plaintiff writes: "It's because of situations like mine where law enforcement is wasting taxpayers monies watching a middle age 60 year old African American Male take a dump or buy a hot dog at a hot dog stand. This while horrendous crimes are occurring every 30 seconds, absolutely absurd."

Plaintiff also alleges that the defendant and other entities have "enlisted operatives and thugs from in and out of the state Yahweh members, Nation of Islam and masonic members to harass me and disrupt my everyday life. They poison food, steal mail and intentionally wreck my vehicles in an attempt to kill or lame me." He writes: "Yes, I am saying that these criminally corrupt law enforcement entities are enlisting common criminals to help them harass, discriminate against me and to violate my civil rights. These individuals harass my family, slash my tires, steal my mail, intentionally wreck my cars trying to kill or lame me and even poison the food at grocery stores I cater to in an attempt to poison me." He alleges that the defendant and other entities are conspiring with "rogue thugs" from Georgia, the Carolinas, New York, California, Alabama and "especially Illinois," all of whom constantly harass him. He alleges that "[a]ll these entities have formed an alliance to destroy and violate my civil and human rights to live without fear of death or any other harm." The complaint and supplemental document continue in this manner.

As relief, plaintiff wants the Court to punish, fine, suspend, terminate, and/or imprison the people who engaged in the above-described behavior, and to award him "$100,000 in actual damages and $1,000,000 million in punitive damages."

After filing the complaint and supplemental document, plaintiff filed a letter. Therein, plaintiff writes he noticed that cases he filed regarding law enforcement were assigned to

3

Magistrate Judges. He writes: "I find this ironic and almost impossible that randomly all these civil cases have been assigned to Magistrate Judges. These powerful entities with unlimited funds can't be afraid of an old man? Finally, corruption and criminal activity at any level are criminal acts and makes the culprits BLATANTLY CRIMINALS. A TRILLION DOLLAR OPERATION with thousands of agents and unlimited funding are still remarkably fundamentally and systematically corrupt, racist and lack the morality and integrity of great men. Have Ye no dignity or pride?" (ECF No. 7/filed August 7, 2019) (emphasis in original).

## Discussion

The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is frivolous. A pleading is frivolous, and therefore subject to dismissal under § 1915(e), if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The Supreme Court has held that federal courts should not sua sponte dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely; however, such an action can be dismissed if the plaintiff's allegations are found to be "fanciful," "delusional," or "fantastic," or if they "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33.

Here, as set forth above, plaintiff's allegations are based upon being constantly surveilled by law enforcement entities and stalked and harassed by operatives and "rogue thugs" who were enlisted by, and in a conspiracy with, those entities. Considering the complaint as a whole, it obviously rises "to the level of the irrational or the wholly incredible," *id.*, and the Court therefore determines that the complaint is frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Tooley v. Naplitano*, 586 F.3d 1006, 1009–10 (D.C. Cir. 2009) (claims of constant surveillance by government were "flimsier than doubtful or questionable ...

4

essentially fictitious); *Marshall v. Green*, 2010 WL 1959514 (W.D. Ky. May 17, 2010) (claims of "bizarre conspiracy theories" related to government stalking were frivolous).

Even if it could be said plaintiff's allegations were non-frivolous, the complaint would be subject to dismissal. Plaintiff states he brings this action pursuant to various federal statutes. However, none are availing. There is no indication plaintiff had an employment relationship with the defendant or any person mentioned in the complaint; therefore Title VII of the Civil Rights Act is inapplicable. Plaintiff does not allege he suffers from a disability, nor does he set forth non-conclusory allegations that he is a member of a protected class or that the defendant purposefully and intentionally discriminated against him because of his race, color or national origin. Therefore, the ADA, Title VI of the Civil Rights Act, the Rehabilitation Act, and § 1981 are unavailing. Additionally, plaintiff is alleging that state actors violated his civil rights. Therefore, his exclusive federal damages remedy lies in 42 U.S.C. § 1983. *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 731-32 (1989) (Section 1983 provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the alleged violation is by a state actor). There is no private right of action under 34 U.S.C. § 12601, as only the Attorney General may bring a civil action under that statute. *Horde v. Elliot*, 2018 WL 987683 (D. Minn. Jan. 9, 2018). Similarly, 18 U.S.C. §§ 241-242 and 245 are criminal statutes that provide no basis for any private cause of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241 . . ."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Roberson v. Pearson*, 2012 WL 4128303, *1 (D. Minn. 2012) (18 U.S.C. § 245 is a federal criminal statute that does not provide for a private right of action).

Finally, the complaint would not state a valid claim under 42 U.S.C. § 1983. Plaintiff has named the Cool Valley Police Department as the sole defendant. However, the Cool Valley Police Department is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Additionally, plaintiff's allegations would not state a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Finally, none of the statements in plaintiff's August 7, 2019 letter state a viable claim for relief.

For all of the foregoing reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of August, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

6